IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-06-265-D |
| | ) | (No. CIV-16-1394-D) |
| JEROME LADON HILL, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

The matter before the Court is Defendant Jerome Ladon Hill's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 34], which is supported by a memorandum of law [Doc. No. 35]. Upon preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the Court finds from the Motion, the attached affidavit, and the record of prior proceedings that it plainly appears Defendant is not entitled to relief, and thus the Motion must be dismissed.

Defendant seeks relief from his conviction of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), based on recent Supreme Court and Tenth Circuit decisions – *Henderson v. United States*, 135 S. Ct. 1780 (2015), and *United States v. Little*, 829 F.3d 1177 (10th Cir. 2016) – that affect the concept of constructive possession. Defendant pleaded guilty to the one-count Indictment on March 8, 2007, and his sentence was imposed on June 18, 2007.

The Court raises *sua sponte* the issue of whether the Motion is time barred by the one-year limitations period of § 2255(f). *See Day v. McDonough,* 547 U.S. 198, 209 (2006) (district court may consider *sua sponte* the timeliness of a habeas petition); *United States v. DeClerk*, 252 F. App'x 220, 224 (10th Cir. 2007) (applying *Day* to a § 2255 motion). Defendant's criminal judgment was entered on June 19, 2007, and became final on July 3, 2007, when Defendant did not file a timely appeal. *See* Fed. R. App. P. 4(b)(1)(A).[1] Thus, the one-year time period mandated by § 2255(f)(1) expired long ago. Defendant alleges no facts that might justify equitable tolling of the statute of limitations for more than nine years.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Holland v. Florida*, 670 U.S. 631, 130 S. Ct. 2549, 2562 (2010). Another equitable doctrine, adopted in *McQuiggin v. Perkins*, 569 U.S. –, 133 S. Ct. 1924, 1928 (2013), recognizes a miscarriage of justice exception to the limitations period for cases involving a "gateway" claim of actual innocence. In his Motion, Defendant does not claim any extraordinary circumstance prevented a timely filing despite diligent effort, but he does claim to be "actually innocent of being a felon in possession of a firearm and ammunition." *See* Mot. [Doc. No. 34], p.5 (capitalization omitted). He argues this proposition in his supporting

---

[1] Although this provision was amended in 2009 due to changes in other federal rules regarding computations of time and deadlines, the deadline for filing a criminal appeal was not affected.

brief, and contends his claim of actual innocence is sufficient to satisfy the "miscarriage of justice" exception to procedural rules.  *See* Mem. [Doc. No. 35], pp.5-9, 12-13.

Establishing the exception recognized in *McQuiggin* requires "a convincing showing of actual innocence" under the standard announced in *Schlup v. Delo*, 513 U.S. 298 (1995), and explained in *House v. Bell*, 547 U.S. 518 (2006).  *See McQuiggin*, 133 S. Ct. 1928. Under this standard, Defendant must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324; *House*, 547 U.S. at 537.  He also "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. at 327; *see McQuiggin*, 133 S.Ct. at 1935; *House*, 547 U.S. at 536-37.  The Supreme Court reiterated in *McQuiggin* that "tenable actual-innocence gateway pleas are rare:  '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 133 S. Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329); *see House*, 547 U.S. at 538 (emphasizing the *Schlup* standard is "demanding" and seldom met).

This demanding standard is not met by Defendant's allegations and evidence in this case.  First, Defendant offers no new or reliable evidence; he relies only on his own affidavit reciting facts known to him when he pleaded guilty.  Further, the "new" facts are:  "I did not have exclusive control over the residence, and I did not have [a] substanti[a]l connection to it; [t]he firearm did not belong to me."  *See* Hill aff. [Doc. No. 34-1], ¶¶ 4-5.  These alleged

3

facts do not undermine the finding made by the presiding judge, the Honorable Ralph G. Thompson, before accepting Defendant's guilty plea that there was a factual basis to conclude Defendant knowingly possessed the firearm and ammunition described in the Indictment. In fact, Defendant's conviction did not rest on the doctrine of constructive possession at all, but on his statement of the following facts in his plea petition:

> On October 18, 2006, I was at a house in Oklahoma City where the police made arrests and conducted a search. Shortly before the police arrested me, I had been in possession of the Llama revolver and ammunition, described in the Indictment, because it was tucked into my waistband.

*See* Pet. [Doc. No. 14], ¶ 49. Defendant thus admitted he had actual possession of the items. In light of these facts, the Court finds that Defendant has failed to allege a colorable claim of actual innocence.

The Court recognizes that Defendant's Motion is based on recent judicial decisions regarding § 922(g)(1). An alternative one-year period for filing a post-conviction motion is offered by § 2255(f)(3), which applies when a right "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." However, the legal developments reflected in *Henderson* and *Little* do not satisfy this rule.

The Supreme Court in *Henderson* addressed constructive possession for purposes of § 922(g)(1) only indirectly, in the context of deciding whether a convicted person could direct the disposition of a seized firearm. *See Henderson*, 135 S. Ct. at 1784-85. The Tenth Circuit in *Little* looked to statements in *Henderson* for guidance, and relied on *Henderson* to justify a decision to join other federal circuits in adopting an intent requirement for

4

constructive possession under § 922(g)(1). *See Little*, 829 F.3d at 1182. Neither case signaled the recognition of a new right by the Supreme Court. Therefore, because Defendant cannot properly invoke the time period of § 2255(f)(3) and no other basis for a timely filing is apparent, the Court finds that his Motion is time barred and must be dismissed.[2]

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 34] is DISMISSED. A judgment of dismissal shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Further, where a claim is dismissed on procedural grounds without reaching the merits, a petitioner must also show "jurists of reason would find it debatable whether the district court

---

[2] The Court notes Defendant also complains in his brief that he received a mandatory minimum sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *See* Mem., pp.3,5. The Supreme Court announced a new rule regarding the ACCA in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which was made retroactive to cases on collateral review by *Welch v. United States*, 136 S. Ct. 1257 (2016). However, Defendant has no claim for relief under *Johnson* because his prior felony convictions were serious drug offenses, not violent crimes potentially affected by *Johnson*. *See* Govt's Notice [Doc. No. 5].

was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds this standard is not met in this case. Therefore, a COA is DENIED, and the denial shall be included in the judgment.

    IT IS SO ORDERED this 14th day of December, 2016.

                                                TIMOTHY D. DEGIUSTI
                                                UNITED STATES DISTRICT JUDGE